**In the Matter of GENESIS HEALTH VENTURES, INC., Debtors.**

Nos. 00–2691 to 00–2842.

United States Bankruptcy Court, D. Delaware.

May 14, 2002.

Mark D. Collins, Richards, Layton & Finger, P.A., Wilmington, DE.

Michael F. Walsh, Weil, Gotshal & Manges, LLP, New York City.

Joseph McMahon, Wilmington, DE, U.S. Trustee.

### *OPINION ON UNITED STATES TRUSTEE'S MOTION FOR QUARTERLY FEES*

JUDITH H. WIZMUR, Bankruptcy Judge.

The United States Trustee moves to compel the reorganized debtors to submit deconsolidated post-confirmation reports and to compel payment of quarterly fees. The U.S. Trustee contends that the "deemed consolidation" accomplished by the debtors' confirmed plan of reorganization retained unaffected the legal and organizational structure of the pre-confirmation debtors, thereby requiring each debtor to report and to pay quarterly fees pursuant to 28 U.S.C. § 1930(a)(6). The debtors contend that by virtue of the deemed consolidation, the post-confirmation debtors have become one "case", both functionally and legally, and that the

statute therefore requires only a single fee.

The facts are not disputed. The Genesis Debtors [1] and the Multicare Debtors [2] are leading providers of healthcare and support services to the elderly. The Genesis and Multicare debtors filed their separate Chapter 11 bankruptcy cases on June 22, 2000. The debtors' Joint Plan of Reorganization was filed on July 6, 2001. For purposes of voting and distribution under the plan, the plan provided for the deemed consolidation of all of the Genesis debtors as a single legal entity, and all of the Multicare debtors as a single legal entity. Paragraph 5.1 of the plan provided as follows:

5.1. Deemed Consolidation of Debtors for Plan Purposes Only.

(a) Subject to the occurrence of the Effective Date, the Genesis Debtors shall be deemed consolidated for the following purposes under the Plan of Reorganization: (I) no distributions shall be made under the Plan of Reorganization on account of the Genesis Intercompany Claims; (ii) all guaranties by any of the Genesis Debtors of the obligations of any other Genesis Debtor arising prior to the Effective Date shall be deemed eliminated so that any Claim against any Genesis Debtor and any guaranty thereof executed by any other Genesis Debtor and any joint and several liability of any of the Genesis Debtors shall be deemed to be one obligation of the deemed consolidated Genesis Debtors; and (iii) each and every Claim filed or to be filed in the Reorganization Case of any of the Genesis Debtors shall be deemed filed against the deemed consolidated Genesis Debtors and shall be deemed one Claim against and obligation of the deemed consolidated Genesis Debtors.

Such deemed consolidation, however, shall not (other than for purposes related to funding distributions under the Plan of Reorganization and as set forth above in this Section) affect: (I) the legal and organizational structure of the Reorganized Debtors; (ii) intercompany Claims by and among the Genesis Debtors or Reorganized Debtors; (iii) pre— and post-Commencement Date guaranties, liens, and security interests that are required to be maintained (A) in connection with executory contracts or unexpired leases that were entered into during the Genesis Reorganization Cases or that have been or will be assumed, (B) pursuant to the Plan of Reorganization, or (©) in connection with any financing entered into, or New Senior Notes issued, by the Reorganized Debtors on the Effective Date; and (iv) distributions out of any insurance policies or proceeds of such policies.

Notwithstanding anything contained in the Plan to the contrary, the deemed consolidation of the Genesis Debtors shall not have any effect on the Claims being reinstated and unimpaired in Class G1 of the Plan, and the legal, equitable, and contractual rights to which the holders of any such Claims is entitled shall be left unaltered by the Plan.

(b) Subject to the occurrence of the Effective Date, the Multicare Debtors shall be deemed consolidated for the following purposes under the Plan of Reorganization: (I) no distributions shall be made under the Plan of Reorganization on ac-

---

1. Genesis debtors include Genesis Health Ventures, Inc., a Pennsylvania Corporation, the parent debtor, and 153 other legal entities, each of whom filed a Chapter 11 case.

2. Multicare debtors include Genesis Elder-Care Corporation, a Delaware Corporation, the parent debtor, and 197 other legal entities, each of whom filed a Chapter 11 case.

count of Multicare Intercompany Claims; (ii) all guaranties by any of the Multicare Debtors of the obligations of any other Multicare Debtor arising prior to the Effective Date shall be deemed eliminated so that any Claim against any Multicare Debtor and any guaranty thereof executed by any other Multicare Debtor and any joint and several liability of any of the Multicare Debtors shall be deemed to be one obligation of the deemed consolidated Multicare Debtors; and (iii) each and every Claim filed or to be filed in the Reorganization Case of any of the Multicare Debtors shall be deemed filed against the deemed consolidated Multicare Debtors and shall be deemed one Claim against and obligation of the deemed consolidated Multicare Debtors.

Such deemed consolidation, however, shall not (other than for purposes related to funding distributions under the Plan of Reorganization and as set forth above in this Section) affect: (I) the legal and organizational structure of the Reorganized Debtors; (ii) intercompany Claims by and among the Multicare Debtors or Reorganized Debtors; (iii) pre— and post-Commencement Date guaranties, liens, and security interests that are required to be maintained (A) in connection with executory contracts or unexpired leases that were entered into during the Multicare Reorganization Cases or that have been or will be assumed, (B) pursuant to the Plan of Reorganization, or (©) in connection with any financing entered into by the Reorganized Debtors on the Effective Date; and (iv) distributions out of any insurance policies or proceeds of policies.

Notwithstanding anything contained in the Plan to the contrary, the deemed consolidation of the Multicare Debtors shall not have any effect on the Claims being reinstated and unimpaired in Class M1 of the Plan, and the legal, equitable, and contractual rights to which the holders of any such Claims is entitled shall be left unaltered by the Plan.

Following the deemed consolidations, the common stock of the parent debtor of Multicare (Genesis ElderCare Corporation) was cancelled and the new common stock of the reorganized Multicare was deemed to be allocated to Multicare creditors. The parent debtor of Genesis (Genesis Health Ventures, Inc.) and Multicare then merged, and the creditor bodies of Multicare and Genesis received a proportionate share of the new common stock of the reorganized Genesis. *See In re Genesis Health Ventures, Inc.*, 266 B.R. 591, 597–98 (Bankr.Del.2001). The plan was confirmed and became effective on October 2, 2001. Each of the hundreds of individual Chapter 11 debtors emerged from the bankruptcy with its legal and organizational structure intact.

After plan confirmation, the objection by the United States Trustee to the debtors' proposal that the joint administration and post-petition consolidated operations of the debtors should warrant treatment of the debtors as one case within the meaning of 28 U.S.C. § 1930(a)(6) for the purposes of the payment of quarterly fees, was resolved. In a bench ruling on November 2, 2001, subsequently reduced to order, I determined that each of the debtors who filed a Chapter 11 case must pay quarterly fees from the commencement of the cases through confirmation. No decision was made regarding postconfirmation quarterly fees.[3]

**3.** The debtors have appealed this decision, and the matter is pending before the United States District Court.

On March 20, 2002, the U.S. Trustee requested post-confirmation reports for the month of September 2001 and the fourth quarter through December 2001. In response, the reorganized debtors replied to the U.S. Trustee's request by providing information which reflected consolidation of the debtors' various estates into a single estate as of the effective date of the debtors' plan of reorganization. The motion of the U.S. Trustee to compel deconsolidated post-confirmation reporting and the payment of quarterly fees by each debtor followed.

■ The applicable statute, 28 U.S.C. § 1930(a)(6) requires that "a quarterly fee shall be paid to the United States trustee ... in each case under chapter 11 of title 11 for each quarter (including any fraction thereof) until the case is converted or dismissed, whichever occurs first." The issue to be determined here is whether the deemed consolidation accomplished in the debtors' confirmed plan of reorganization transformed each individual debtor in the approximately 350 individual Genesis and Multicare Chapter 11 cases into one single post confirmation case responsible for a single quarterly fee under Section 1930(a)(6).

During the confirmation hearings, the proposed deemed consolidation of the various entities was opposed on various grounds. I determined to approve the deemed consolidation, describing the proposal as "akin to substantive consolidation". 266 B.R. at 618. I applied the three-part test developed in *In re Auto-Train Corp., Inc.*, 810 F.2d 270, 276 (D.C.Cir.1987) to reflect that the elements for substantive consolidation would be present in this case. However, I noted that "the deemed consolidation will not affect the legal and organizational structure of

the reorganized debtors". 266 B.R. at 619. Further, I indicated that "[t]here is no diversion of value from Genesis to Multicare, or substantive consolidation of the two entities." By this analysis, I intended to reflect that substantive consolidation could have been accomplished if it had been proposed. I reflected as well that the deemed consolidation I approved will not affect the legal and organizational structure of the reorganized debtors, an important consideration because of the licensure requirements of the individual facilities held by the individual debtors.

■ The debtors are correct to reflect that where substantive consolidation is effected in a reorganization process, and the individual debtor does not survive as a separate legal entity, then consolidated reporting and calculation of section 1930 fees going forward would be based on a single consolidated case. However, that basic proposition does not extend to the "deemed consolidation" effected here, which did not change the legal and organizational structure of the individual debtors.

Here, notwithstanding the voting and distribution scheme accomplished by the deemed consolidation, each separate pre-confirmation debtor emerged from the reorganization process as a separate post-confirmation legal entity with the same legal and corporate attributes it had prior to the plan confirmation.[4] Under these circumstances, I must conclude that under section 1930(a)(6), each individual Genesis and Multicare debtor continued to constitute a "case" within the meaning of the statute, requiring quarterly fees to be paid by each separate debtor.

The debtors argue that substantive consolidation does not affect the legal and

---

4. The only exception to the emergence of the debtors as separate legal entities is the actual merger of the Genesis and Multicare parent companies.

organizational structure of the consolidated debtors, but is simply a mechanism to permit the bankruptcy court to constructively treat the assets and liabilities of the separate debtor entities as assets and liabilities of a single entity in order to achieve equity. Citing to *In re Deltacorp, Inc.*, 179 B.R. 773, 777 (Bankr.S.D.N.Y. 1995) and *In re GC Companies, Inc.*, 274 B.R. 663, 672 (Bankr.D.Del.2002), the debtors contend that substantive consolidation does not affect a corporate merger, and that the legal and organizational status of the reorganized Genesis is not relevant to the inquiry here because the legal and organizational structure would have been equally unchanged had the court approved a full "substantive consolidation" rather than a "deemed consolidation".

█ The crux of the issue, however, is not whether the debtors' reorganization plan constituted a substantive consolidation or a deemed consolidation. Rather, the issue is whether each of the legal entities which entered the Chapter 11 process as an individual "case" survived the process. Under 11 U.S.C. § 109(a), only a "person" may be a debtor under Title 11. A "person" is defined in 11 U.S.C. § 101(41) as including an "individual, partnership, and corporation". To the extent that a debtor remains a corporation, the separate "case" filed by the debtor remains a case, notwithstanding the pooling of assets and liabilities, and notwithstanding other effects of consolidation, be it substantive or deemed.

The cases cited by the debtors do not alter the conclusion reached here. In the *GC Companies* case, the court approved substantive consolidation by the debtors, through which the legal entities apparently survived. However, the bankruptcy court did not reach the question of the post-confirmation impact of section 1930(a)(6) fees. The substantive consolidation was approved as of confirmation with no *nunc pro tunc* application. The responsibility of each individual surviving corporate debtor to make post-confirmation payments, notwithstanding substantive consolidation of assets and liabilities, was not addressed.

Nor does the *Deltacorp* case cited by the debtors advance the debtors' contention that the reorganized debtors should be liable for U.S. Trustee quarterly fees as one "case". The *Deltacorp* court recognized the utility of substantive consolidation to merge separate estates into one estate for distributive purposes. 179 B.R. at 777. As the court noted:

> "The power to consolidate is one arising out of equity, enabling a bankruptcy court to disregard separate corporate entities, to pierce their corporate veils in the usual metaphor, in order to reach assets for the satisfaction of debts of a related corporation."

*Id.* (quoting *In re Continental Vending Machine*, 517 F.2d 997, 1000 (2d Cir. 1975)). The *Deltacorp* case does not address the impact of the survival of separate legal entities post-confirmation, following the merger of separate debtor estates for distributive purposes only.

For the reasons expressed, I conclude that each individual debtor must satisfy the United States Trustee requirements for reporting and payment of quarterly fees. The motion of the United States Trustee is granted.